**AFFIRM; and Opinion Filed January 13, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-01159-CR

**LADARELL BARBER, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 3**
**Dallas County, Texas**
**Trial Court Cause No. F11-41275-J**

## MEMORANDUM OPINION

Before Justices Bridges, Fillmore, and Lewis
Opinion by Justice Lewis

A jury found appellant Ladarell Barber guilty of capital murder, and the trial court assessed his punishment at life in prison. Appellant raises two issues in this Court, contending (1) the trial court erred in admitting certain expert testimony, and (2) the evidence is insufficient to support his conviction. The factual and procedural histories are known to the parties, so we do not recite them in detail. We affirm the trial court's judgment.

**Background**

Jaqualyn Jackson had been staying at an apartment belonging to roommates Zane Crockett and William Ferguson, but Ferguson accused Jackson of stealing and told him to leave. Jackson and appellant returned to the apartment several days later so Jackson could pick up clothing he had left behind. Jackson and appellant then spent time together outside the apartment

talking and smoking; they were observed by a number of residents of the complex. According to Jackson's testimony, as he and appellant prepared to leave, appellant announced he wanted to rob Crockett. Jackson testified he objected, but appellant forced Jackson to help him. Jackson described the circumstances of the shooting. He testified appellant told him to knock on Crockett's door so Crockett could see the person outside was someone he knew. Crockett responded verbally and unlocked the door. Appellant tried to push the door open, but Crockett resisted. Appellant then shot and killed Crockett. Appellant and Jackson ran away. Appellant wrapped the gun in his own shirt, placed it in a backpack, and left the backpack in some bushes.

Crockett's girlfriend, Crystal Hampton, was in the apartment when the shooting occurred. She identified Jackson to the police, and Jackson told police appellant shot Crockett. Jackson also led police to the backpack containing the shirt and gun. The State offered evidence that the gun in the backpack fired the shot that killed Crockett. The State also offered evidence that appellant's DNA was found on the trigger of the gun, on the shirt the gun was wrapped in, and on a hat found at the scene. Crockett's DNA was also found on the shirt and inside the barrel of the gun.[1]

The jury found appellant guilty, and he was sentenced to life in prison.

**Reliability of DNA Evidence**

In his first issue, appellant complains of the trial court's admission of a State analyst's testimony concerning the probability of an individual other than appellant having a DNA profile consistent with the DNA evidence in this case. Specifically, appellant challenges the accuracy and reliability of the Federal Bureau of Investigation database and computer program employed by the analyst to provide the probability statistics. A trial judge must evaluate proposed scientific testimony to ensure that it is relevant and reliable. *Coble v. State*, 330 S.W.3d 253, 273

---

[1] Jackson's DNA was not found on the gun.

(Tex. Crim. App. 2010).  We review the trial court's ruling on the admissibility of expert testimony for an abuse of discretion.  *Id.* at 272.

The analyst in this case testified that the FBI database had been used for more than a decade to provide these statistics.  She further testified that the database was validated and tested before its release, and the computer program has been checked for efficiency and correctness by the company which—in conjunction with the FBI—designed the software.  We conclude there was ample evidence the database and computer program yielded calculations that were accurate and reliable.  *See Brown v. State*, 163 S.W.3d 818, 828 (Tex. App.—Dallas 2005, pet. ref'd) (analyst's testimony that calculations used were the same as those used by FBI, which set standards for industry, showed calculations were accepted as valid by scientific community). We discern no abuse of discretion in admitting the results of these calculations.

We overrule appellant's first issue.

### Corroboration of Accomplice Testimony

In his second issue, appellant contends the evidence is insufficient to support his conviction because there is no corroboration for Jackson's testimony that the murder occurred during a robbery.  Stated differently, appellant's corroboration challenge focuses upon the element of his offense that elevated the charge to capital murder.  In appellant's case, he was charged with capital murder because the State alleged he killed Crockett in the course of committing a robbery.  *See* TEX. PENAL CODE ANN. § 19.03(a)(2) (West Supp. 2013) ("A person commits [capital murder] if the person commits murder . . . and . . . (2) the person intentionally commits the murder in the course of committing or attempting to commit . . . robbery"). Appellant contends the only evidence of a planned robbery came from Jackson, so there is insufficient evidence of the aggravating element.

Appellant's argument is contrary to settled Texas law. Indeed, the Court of Criminal Appeals has rejected this argument more than once. *See, e.g., McDuff v. State*, 939 S.W.2d 607, 613 (Tex. Crim. App. 1997) ("The accomplice witness testimony in a capital murder case does not require corroboration concerning the elements of the aggravating offense, i.e.[,] the elements which distinguish murder from capital murder."); *Anderson v. State*, 717 S.W.2d 622, 631 (Tex. Crim. App. 1986) ("the testimony of an accomplice witness in a capital murder case need not be corroborated on the element which elevated the murder to a capital murder"); *Ramirez v. State*, 2011 WL 1196886, at *8 (Tex. Crim. App. Mar. 6, 2011) ("accomplice-witness testimony in a capital murder case does not require corroboration concerning the elements of the aggravating offense, that is, the elements which distinguish murder from capital murder"). We reject appellant's argument that these cases have been wrongly decided, and we decline his invitation to depart from these precedents.

We overrule appellant's second issue.

### Conclusion

We have decided both of appellant's issues against him. We affirm the trial court's judgment.

/David Lewis/
DAVID LEWIS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

121159F.U05

–4–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

LADARELL BARBER, Appellant

No. 05-12-01159-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 3, Dallas County, Texas
Trial Court Cause No. F11-41275-J.
Opinion delivered by Justice Lewis.
Justices Bridges and Fillmore participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 13th day of January, 2014.

/David Lewis/

DAVID LEWIS
JUSTICE